CRAWLEY, Judge,
concurring in the result.
In 1993, our supreme court held that W.F.F. was not entitled to Rule 60(b) relief from the divorce judgment because the evidence he presented “was intrinsically inconclusive and because [he] waited nine years to ask for a reevaluation of paternity.” Ex parte State ex rel. G.M.F., 623 So.2d 722, 724 (Ala.1993).
The evidence W.F.F. presented in support of his most recent 60(b) motion is not inconclusive. It conclusively establishes that he is not the father of the child. I therefore believe that W.F.F. is entitled to Rule 60(b) relief, and I concur in the result of the majority’s decision to affirm the trial court’s judgment granting that relief.
I do not agree with Judge Thigpen’s position that § 26-17A-1 applies only to “defendants” in former paternity proceedings. In K.M. v. G.H., 678 So.2d 1084 (Ala.Civ.App.1995), a majority of this court held that the legislative purpose behind the statute was to remedy the injustice of requiring one who was not the biological father of a child to support that child. That purpose is not served by affording relief arbitrarily only to those men aligned as party defendants in prior proceedings. I think § 26-17A-1 uses the phrase “the defendant in a paternity proceeding,” descriptively, rather than restrictively. That is, I believe the legislature intended the phrase to identify males who *148 had been adjudicated fathers in previous judicial proceedings, and not to identify the required party alignment of those males.
I continue to believe that § 26-17A-1 is unconstitutional. See K.M. v. G.H., 678 So.2d at 1089-97 (Crawley, J., dissenting). In my opinion, the statute violates the separation of powers provisions of the Alabama Constitution by mandating a new trial for men in W.F.P.’s position. I think the grant of a new trial is essentially a judicial function, and the legislature has no power to order a court to grant a new trial. A court already has the power, under Rule 60(b), to grant relief from a judgment for compelling reasons. The legislature oversteps its constitutional authority, I think, by requiring a court to do what the principles underlying Rule 60(b) and res judicata forbid.
I concur in the result of this affirmance only because I believe Rule 60(b) authorizes the relief granted.